# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Melissa Mays, *et al.*,

                Plaintiffs,      Case No. 17-cv-10996

v.                                  Judith E. Levy
                                      United States District Judge

Governor Rick Snyder, *et al.*,

                                  Mag. Judge Mona K. Majzoub

                Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND [33] AND CONSOLIDATING CASE WITH 16-CV-10444

On January 19, 2016, plaintiffs filed a class action in Genesee County Circuit Court, alleging state law claims against current and former employees of the Michigan Department of Environmental Quality ("MDEQ"). (Dkt. 33 at 14.) On February 14, 2017, plaintiffs filed a second amended class complaint naming defendants Veolia North America, LLC, Veolia North America, Inc., Veolia Water North America Operating Services, LLC, and Veolia Environment, S.A. (collectively, "Veolia") for the first time. (*Id.*) On March 29, 2017,

Veolia timely removed this case to federal court, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1.)

Plaintiffs now move to remand this case back to state court, citing the local controversy exception to diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Dkt. 33.) The motion having been fully briefed, and oral argument will not be held pursuant to E.D. Mich. Local R. 7.1(f).

CAFA requires a court to decline to exercise jurisdiction over class actions in which:

> **(I)** greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> **(II)** at least 1 defendant is a defendant—
> > **(aa)** from whom significant relief is sought by members of the plaintiff class;
> > **(bb)** whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > **(cc)** who is a citizen of the State in which the action was originally filed; and
> 
> **(III)** principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> 
> **(ii)** during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons;

2

28 U.S.C. § 1332(d)(4)(A). This exception to diversity jurisdiction is commonly referred to as the "local controversy" exception. "[T]he party seeking to remand under an exception to CAFA bears the burden of establishing each element of the exception by a preponderance of the evidence." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 388 (6th Cir. 2016) (collecting cases).

Plaintiffs argue that this exception applies because their case was the first-filed class action in Michigan state court, and it fits all other criteria for the local controversy exception. Plaintiffs also present a series of policy arguments about why this case is truly local, and deserves to be in Michigan state courts rather than removed to federal court.

This case was first filed in Michigan state court on January 19, 2016. In *Mason*, the United States Court of Appeals for the Sixth Circuit determined that CAFA's local controversy exception applied to a suit filed in Michigan state court on January 25, 2016, finding by implication that the suit met the requirements of § 1332(d)(4)(A)(ii). *Mason*, 842 F.3d at 397; *see also Davenport v. Lockwood, Andrews & Newnam, Inc.*, 854 F.3d 905, 911 (6th Cir. 2017) (finding that the

*Mason* panel did not reach the issue of whether § 1332(d)(4)(A)(ii) applied to the *Mason* complaint, but that the uncontroverted record showed it was the "first class action filed in the Flint water crisis").

It is unclear from the record in *Mason* whether either the district court or the Sixth Circuit were aware of the existence and filing of this case. Regardless, the Court must enforce the plain language of the statute, and determine whether this case was actually the first-filed class action in Michigan state court, because the *Mason* court did not address this issue.

This case was filed on January 19, 2016, and *Mason* was filed six days later on January 25, 2016. Plaintiffs stipulate that this case and *Mason* assert "the same or similar factual allegations against any of the defendants on behalf of the same or other persons." (Dkt. 51 at 4.) On February 4, 2017, however, plaintiffs amended their complaint to add Veolia as defendants.

Under CAFA, the procedural rules of the state court in which a complaint was filed are used to determine the date of filing. *See Hall v. State Farm Mut. Auto. Ins. Co.*, 215 F. App'x 423, 427-28 (6th Cir. 2007) (analyzing CAFA's local controversy exception with regard to an

4

amended complaint that added new parties). In Michigan, "an amendment generally relates back to the date of the original filing if the new claim asserted arises out of the conduct, transaction, or occurrence set forth in the original pleading, MCR 2.118(D), [but] the relation-back doctrine does not extend to the addition of new parties." *Emp'rs Mut. Cas. Co. v. Petroleum Equip., Inc.*, 190 Mich. App. 57, 63 (1991) (citing *Garner v. Stodgel*, 175 Mich. App. 241, 249 (1989)). However, the substitution of a new party "in [an] amended complaint constitute[s] the 'commencement' of a new action for purposes of CAFA." *Hall*, 215 F. App'x at 428.[1]

Accordingly, plaintiffs' amended complaint, filed on February 24, 2017, and adding the Veolia parties, constitutes a new action under CAFA. Because there was at least one earlier-filed class action that contained virtually identical allegations against the same or similar

---

[1] Plaintiffs do not disagree on this point, but argue that the proper consideration is not whether their amended complaint constitutes a newly filed action for the purposes of CAFA, but instead whether anyone else filed a similar class action within the meaning of CAFA "in the three years preceding this action." (Dkt. 51 at 2 n.2.) For the reasons set forth above, this "action" commenced for the purposes of CAFA when the second amended complaint was filed, adding new defendants. Based on the record agreed on by the parties, numerous similar class actions were filed before that date, including *Mason*.

5

defendants in *Mason*, the local controversy exception does not apply here. The Court must retain jurisdiction.

For the reasons set forth above, it is hereby ordered that:

Plaintiffs' motion to remand (Dkt. 33) is DENIED;

This case is consolidated with Case No. 16-cv-10444 for all purposes, including trial;

All subsequent papers filed after the date of this order regarding this case shall be entered in Case No. 16-cv-10444;

This case is closed for administrative purposes; and

No filing in this case need be entered in 16-cv-10444, in which a master amended class action complaint will be filed on or before September 29, 2017.

IT IS SO ORDERED.

Dated: August 14, 2017           s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                            United States District Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2017.

                                  s/Shawna Burns
                                  SHAWNA BURNS
                                  Case Manager